UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EILEEN RILEY                          )
                                      )
        Plaintiff,                    )
                                      )
    vs.                               )        Case No. 4:08CV00206 ERW
                                      )
U.S. BANK,                            )
                                      )
        Defendants.                   )

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion for an Order to Plaintiff to
Release Copy of Exhibits 1 and 2 [doc. #60].  Plaintiff Eileen Riley ("Plaintiff") filed Exhibits 1
and 2 to her Response to U.S. Bank's ("Defendant") Motion for Summary Judgment under seal.
Exhibits 1 and 2 are copies of letters to Plaintiff from her prior counsel.  In the pending Motion,
Defendant asserts that Plaintiff has waived the attorney-client privilege by submitting Exhibits 1
and 2 to the Court, and asks that the Court order Plaintiff to release copies of Exhibits 1 and 2 to
Defendant.

## I.    DISCUSSION

The work product doctrine "is broader than and distinct from the attorney-client
privilege." *In re Foster*, 188 F.3d 1259, 1272 (10th Cir. 1999) (citing *United States v. Nobles*, 42
U.S. 225, 238 n.11 (1975)).  The work product doctrine protects materials prepared by an
attorney in anticipation of litigation from discovery. *See Hickman v. Taylor*, 329 U.S. 495, 511
(1947).  This doctrine has since been codified in Fed. R. Civ. P. 26(b)(3)(B).  Materials containing
"the mental impressions, conclusions, opinions or legal theories" of counsel constitute opinion

work product. Fed. R. Civ. P. 26(b)(3)(B). The Court has reviewed Exhibits 1 and 2, and it is clear that these documents are opinion work product.

The work product doctrine is broader than the attorney-client privilege because its protections extend beyond communications between the attorney and client. *In re Columbia/HCA Healthcare*, 293 F.3d 289, 304 (6th Cir. 2002). "[W]hile the mere showing of a voluntary disclosure to a third person will generally suffice to show waiver of the attorney-client privilege, it should not suffice in itself for waiver of the work product privilege." *United States v. American Tel. and Tel. Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980). "Because the attorney-client privilege and work product doctrine have different standards for waiver, they must be considered separately." *SNK Corp. of Am. v. Atlus Dream Entm't Co.*, 188 F.R.D. 566, 571 (N.D. Cal. 1999).

Some courts have found that opinion work product is "absolutely protected from discovery." *Chase v. City of Portsmouth*, 236 F.R.D. 263, 269 (E.D. Va. 2006) (citing *Hickman*, 329 U.S. at 510-13; *In re Allen*, 106 F.3d 582, 607 (4th Cir. 1997)). However, this stance is in the minority. The Eighth Circuit has stated that discovery of opinion work product is permitted "[i]n rare circumstances." *Gundacker v. Unisys Corp.*, 151 F.3d 842, 847 (8th Cir. 1998) (citing *Pittman v. Frazier*, 129 F.3d 983, 988 (8th Cir. 1997)). The Eighth Circuit has not elaborated on what these circumstances may be, and as a result, the Court looks to decisions from other courts. The disclosure of opinion work product "to third parties does not, in and of itself, constitute a waiver of the privilege." *Construction Industry Svcs. Corp. v. Hanover Ins. Co.*, 206 F.R.D. 43, 49 (E.D.N.Y. 2001). As a result, the Court must carefully consider the facts related to these disclosures to determine if Exhibits 1 and 2 fall into the categories of disclosures that waive work product protection.

Opinion work product protection is waived where the disclosure "substantially increases the opportunity for potential adversaries to obtain the information." *Construction Industry Svcs. Corp. v. Hanover Ins. Co.*, 206 F.R.D. 43, 49 (E.D.N.Y. 2001) (quoting *Magee*, 172 F.R.D. 627, 641 (E.D.N.Y. 1997)). "[C]ourts have found parties to have waived protection of the doctrine by voluntarily submitting documents to potential adversaries, such as government agencies . . . . However, the sharing of litigation materials among nonadversarial parties, such as co-plaintiffs, or among parties opposing the same adversary in different proceedings, has been held not to constitute waiver." *United States v. Stewart*, 287 F.Supp.2d 461, 468 (S.D.N.Y. 2003). The Court is not an adversary in this proceeding, and under this logic, there is no waiver.

Additionally, the Court considers Plaintiff's disclosure of these documents to have been inadvertent. It is clear that Defendant will not be prejudiced by this decision as Plaintiff's reference to these exhibits is limited to a statement in her response that counsel was appointed for her and withdrew after conducting some discovery. Plaintiff does not rely upon Exhibits 1 and 2 as factual or legal support for her claims, and the Court finds that Plaintiff has not waived opinion work product protection.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for an Order to Plaintiff to Release Copy of Exhibits 1 and 2 [doc. #60] is **DENIED.**

Dated this 20th Day of July, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE